# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENE SAMIT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CBS CORPORATION, LESLIE MOONVES, and JOSEPH R. IANNIELLO,<br><br>Defendants. | Case No.  1:18-cv-07796-VEC |
| JOHN LANTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CBS CORPORATION, LESLIE MOONVES, JOSEPH R. IANELLO, LAWRENCE LIDING, DAVID RHODES, DAVID R. ANDELMAN, JOSEPH A. CALIFANO, JR., WILLIAM S. COHEN, GARY L. COUNTRYMAN, CHARLES K. GIFFORD, LEONARD GOLDBERG, BRUCE S. GORDON, LINDA M. GRIEGO, ROBERT N. KLIEGER, ARNOLD KOPELSON, MARTHA L. MINOW, DOUG MORRIS, and SHARI REDSTONE,<br><br>Defendants. | Case No.  1:18-cv-08978-VEC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CBS INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 3

ARGUMENT ....................................................................................................................... 3

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................................ 3

II.     THE CBS INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ......... 5

        A.      The CBS Investor Group is Willing to Serve as a Class Representative ............... 5

        B.      The CBS Investor Group Has the "Largest Financial Interest" in the Action ........ 6

        C.      The CBS Investor Group Otherwise Satisfies the Requirements of Rule 23 ......... 7

III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 9

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
   2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018).......................................................7, 8

*Bassin v. Decode Genetics, Inc.*,
   230 F.R.D. 313 (S.D.N.Y. 2005) ......................................................................................4

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (2d Cir. 1992) ........................................................................................8

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) .....................................................................................4

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
   2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)..............................................6

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
   2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).................................................9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) .....................................................................................9

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001).............................................................................................6

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007).................................................6

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992).............................................................................................8

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
   2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ................................................4

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ......................................................................................10

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................6

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
   2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) .................................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................7

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................4

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 113 (S.D.N.Y. 2010) ................................................................8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)......................................................................4

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ..................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ................................................................9

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
  1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..............................6

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993)........................................................................4

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
  2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) .......................6

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)......................................................10

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................... *passim*

Private Securities Litigation Reform Act of 1995 .......................................................1

## Rules

Fed. R. Civ. P. 23 ................................................................................. *passim*

Fed. R. Civ. P. 42 ..............................................................................1, 2, 4

Howard Jacobowitz and Gene R. Samit (collectively, the "CBS Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42, for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the CBS Investor Group as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired the securities of CBS Corporation ("CBS") between February 14, 2014 and July 27, 2018, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that during the Class Period, the Defendants defrauded investors, in violation of the federal securities laws, by misrepresenting CBS's business and operations, specifically regarding widespread workplace sexual harassment committed by CBS executives, including the Company's Chairman and Chief Executive Officer ("CEO"), Defendant Leslie Moonves. CBS investors, including the members of the CBS Investor Group, incurred significant losses resulting from the revelation of the foregoing misconduct. Following these disclosures on July 27, 2018, CBS's stock price fell sharply, damaging investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The CBS Investor Group, having incurred losses of approximately $2,219 in connection with its Class Period purchases of CBS securities, believes that it has the largest financial interest in the relief sought in this action.

Beyond its considerable financial interest, the CBS Investor Group also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class.

In order to fulfill its responsibilities as lead plaintiff and vigorously prosecute this action on behalf of the Class, the CBS Investor Group has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States.  Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Accordingly, the CBS Investor Group respectfully requests that the Court enter an order appointing it as Lead Plaintiff and approving his selection of Pomerantz as Lead Counsel

Consolidation is appropriate under Fed. R. Civ. P. 42(a) where actions involve common questions of law or fact.  Here, the Related Actions are both putative class actions alleging violations of the federal securities laws by an overlapping group of Defendants occurring during overlapping Class Periods arising from the same alleged fraudulent misconduct.  As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Accordingly, based on its significant financial interest and his commitment to overseeing this litigation, the CBS Investor Group respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selection of Pomerantz as Lead Counsel.

**STATEMENT OF FACTS**

CBS is a mass media company with operations in the entertainment, cable networks, publishing, and local media segments.  At all relevant times, the Company has purported to maintain "standards for ethical conduct that are expected of ***all directors and employees of the Company***." (emphasis added.)

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) CBS executives, including the Company's Chairman and CEO, Defendant Leslie Moonves, had engaged in widespread workplace sexual harassment at CBS; (ii) CBS's enforcement of its own purported policies was inadequate to prevent the foregoing conduct; (iii) the foregoing conduct, when revealed, would foreseeably subject CBS to heightened legal liability and impede the ability of key CBS personnel to execute the Company's business strategy; and (iv) as a result, CBS's public statements were materially false and misleading at all relevant times.

On July 27, 2018, various media outlets reported that *The New Yorker* would shortly publish an article, discussing an investigative report detailing allegations of sexual misconduct by Moonves and other executives at the Company.

On this news, CBS's stock price fell sharply, damaging investors.

**ARGUMENT**

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

3

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995). Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).

The Related Actions at issue here clearly involve common questions of law *and* fact. The actions were brought against an overlapping group of Defendants in connection with violations of the federal securities laws.  Accordingly, the Related Actions allege substantially the same wrongdoing—namely that the Defendants issued materially false and misleading statements and omissions that artificially inflated the price of the CBS's securities and subsequently damaged the Class Members when CBS's stock price plunged as the truth emerged. Consolidation of the Related Actions is therefore appropriate.  *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *5 (S.D.N.Y. July 29, 2009) ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties."); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).

## II.     THE CBS INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The CBS Investor Group should be appointed Lead Plaintiff because, to its knowledge, the CBS Investor Group has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

>  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the CBS Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.     The CBS Investor Group is Willing to Serve as a Class Representative

On August 27, 2018, counsel for Gene Samit, plaintiff in the first of the Related Actions to be filed, caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that litigation had been filed against Defendants and which advised investors in CBS securities that they had until October 26, 2018,

to file a motion to be appointed as lead plaintiff.  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.  The CBS Investor Group has filed the instant motion pursuant to the Notice, and its members have attached Certifications, attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. B.  Accordingly, the CBS Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    The CBS Investor Group Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of its knowledge, The CBS Investor Group has the largest financial interest of any CBS investor seeking to serve as Lead Plaintiff. For claims arising under Exchange Act §10(b), courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors have been adopted and routinely applies by courts in this judicial district.  *See, e.g., Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS

---

[1] *See e.g., In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007).

187238, at *3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, The CBS Investor Group: (1) purchased 1,200 shares of CBS stock; (2) expended $67,774 on purchases of CBS stock; (3) retained all of its shares of CBS stock; and (4) incurred losses of $2,219 in connection with its transactions in CBS stock during the Class Period.  *See* Lieberman Decl., Ex. C.  To the extent that the CBS Investor Group possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    The CBS Investor Group Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23".  *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.")  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re*

*Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 U.S. Dist. LEXIS 57591 at *8.  Here, the Complaints in the Related Actions sufficiently plead Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class Members, including the CBS Investor Group.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'"  *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The CBS Investor Group's claims are typical of those of the Class.  The CBS Investor Group alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning CBS.  The CBS Investor Group, as did all members of the Class, purchased CBS common stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove CBS's stock price downward.  These shared claims, which are based on the same legal theory and arise from the

same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, the CBS Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between the CBS Investor Group's interests and the interests of the Class. The CBS Investor Group's members have submitted signed Certifications declaring their commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. B), and the significant losses incurred by the CBS Investor Group demonstrate that it has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

## III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-

selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). *See also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the CBS Investor Group has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. D. Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France. For more than 75 years, Pomerantz has represented defrauded investors. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. Courts in this judicial district, the Second Circuit, and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Schiro v. CEMEX, S.A.B. de C.V.*, 1:18-cv-2352 (S.D.N.Y.); *Brady v. Top Ships Inc.*, 2:17-cv-4987 (E.D.N.Y.); *Smith v. Antares Pharma, Inc.*, 3:17-cv-8945 (D.N.J.) and *Kessman v. Myriad Genetics, Inc.*, No. 18-cv-336 (D. Utah).

As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the instant action, the CBS Investor Group's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the CBS Investor Group's

selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the CBS Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the CBS Investor Group as Lead Plaintiff for the Class; and (3) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated:  October 26, 2018

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan Lindenfeld
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movants*
*Howard Jacobowitz and Gene R. Samit and*
*Proposed Lead Counsel for the Class*