**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GENE SAMIT, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CBS CORPORATION, LESLIE MOONVES, and JOSEPH R. IANNIELLO,<br><br>Defendants. | Case No.: 1:18-cv-07796-VEC<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF IRON WORKERS DISTRICT COUNCIL OF PHILADELPHIA & VICINITY BENEFIT & PENSION PLANS FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |
| JOHN LANTZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CBS CORPORATION, LESLIE MOONVES, JOSEPH R. IANNIELLO, LAWRENCE LIDING, DAVID RHODES, DAVID R. ANDELMAN, JOSEPH A. CALIFANO, JR., WILLIAM S. COHEN, GARY L. COUNTRYMAN, CHARLES K. GIFFORD, LEONARD GOLDBERG, BRUCE S. GORDON, LINDA M. GRIEGO, ROBERT N. KLIEGER, ARNOLD KOPELSON, MARTHA L. MINOW, DOUG MORRIS and SHARI REDSTONE,<br><br>Defendants. | Case No.: 1:18-cv-08978-VEC<br><br>**CLASS ACTION** |

Plaintiff Iron Workers District Council of Philadelphia & Vicinity Benefit & Pension Plans ("Movant") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the securities of CBS Corporation ("CBS" or the "Company") between February 14, 2014 and July 27, 2018, inclusive (the "Class Period");[1] and

(3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

The first-filed action was commenced in this Court on August 27, 2018 against the Company and certain of its officers and directors for violations under the Exchange Act. *See Samit v. CBS Corp., et al.*, No. 1:18-cv-07796-VEC (the "*Samit* Action"). That same day, a law firm issued an early notice pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto. The related action styled as *Lantz v. CBS Corp., et al.*, No. 1:18-cv-08978-VEC (S.D.N.Y. Oct. 1, 2018) (the "*Lantz* Action") alleges substantially similar facts and claims as the instant action. The *Lantz* Action, however, names additional Defendants and asserts a shorter class period.

The complaints allege that Defendants during the Class Period made false and misleading statements and/or failed to disclose that: (1) CBS executives, including the Company's Chairman

---

[1] The *Samit* Action action alleges a class period from February 14, 2014 through July 27, 2018. The second-filed *Lantz* Action alleges a class period from November 3, 2017 and July 27, 2018.

and Chief Executive Officer ("CEO"), Defendant Leslie "Les" Moonves, had engaged in widespread workplace sexual harassment at CBS; (2) CBS's enforcement of its own purported policies was inadequate to prevent the foregoing conduct; (3) the foregoing conduct, when revealed, would foreseeably subject CBS to heightened legal liability and impede the ability of key CBS personnel to execute the Company's business strategy; and (4) as a result, CBS's public statements were materially false and misleading at all relevant times. When the true details emerged, investors suffered damages.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Securities Act and Exchange Act by the Defendants arising from the public dissemination of false and misleading information

to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that it is the "most adequate plaintiff" of the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that it is willing to serve as representative of the class and is willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

B.  **Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the Lax/Olsen-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost $75,460.75 in connection with its purchases of CBS securities during the Class Period. *See* Ex. 3. Movant is not aware of any other movant that has suffered greater losses in CBS securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

C.  **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036*5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.* at 437.

### 1. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those

asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.2d. 201, 265 (3d Cir. 2001). Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in CBS securities and is, therefore, extremely motivated to pursue claims in this action.

### D.    Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed as Lead Plaintiff for the Class.

Moreover, by enacting the PSLRA, Congress "intend[ed] to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the

member of the purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'" S. Rep. 104-98 at *11 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 690 (1995); *see also Randall v. Fifth St. Fin. Corp.*, No. 15-CV-7759 (LAK), 2016 WL 462479, at *3 (S.D.N.Y. Feb. 1, 2016) (stating there is a "[c]ongressional preference for institutional lead plaintiffs in private securities class actions"); *In re Braskem S.A. Sec. Litig.*, No. 15 CIV. 5132 PAE, 2015 WL 5244735, at *5 (S.D.N.Y. Sept. 8, 2015) ("[T]he PSLRA was passed . . . to increase the likelihood that institutional investors would serve as lead plaintiffs" as increasing their role "will ultimately benefit shareholders and assist courts[.]"). Therefore, Movant is precisely the type of Lead Plaintiff that Congress hoped the PSLRA would encourage to come forward and lead securities class actions.

**III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving the Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 26, 2018                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]
Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of October 2018, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF IRON WORKERS DISTRICT COUNCIL OF PHILADELPHIA & VICINITY BENEFIT & PENSION PLANS FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                         /s/ Phillip Kim