**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, DC |

July 16, 2019

VIA ECF

Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Courtroom 443
New York, NY  10007

      Re:    *Samit, et al. v. CBS Corp., et al.*,
              Case No. 1:18-cv-07796-VEC

Dear Judge Caproni:

      Lead Plaintiff respectfully submits this letter brief to: (i) strike all or part of Exhibits 16-18 (the "Gossip Exhibits") attached to the Declaration of Mary Eaton, dated April 12, 2019 (ECF No. 80), filed in support of CBS Corporation ("CBS") and certain individual defendants' (collectively, "Defendants") motion to dismiss Plaintiff's Amended Complaint, ECF No. 77, because the Gossip Exhibits are not referenced in the complaint (as argued by Plaintiff in its opposition memorandum (ECF No. 82 at 40)) or subject to judicial notice (as explained below); and (ii) strike references to, and assertions and arguments based on, the exhibits in Defendants' memorandum of law, ECF No. 79 ("Def. Mem.").[1]

      "[I]n considering a motion to dismiss," "court[s] normally may not look beyond the four corners of the complaint." *Mayo v. Fed. Gov't*, 558 F. App'x 55, 56 (2d Cir. 2014).  Two narrow exceptions – incorporation by reference or judicial notice – permit a district court to consider external materials at this stage.  *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).  "[C]ourts may only take judicial notice of facts . . . 'not subject to reasonable dispute.'"  *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).  "Such facts must either be '(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"  *Id*.  Judicial notice is restricted only "'to determine what statements [those records] contained' – but '[] not for the truth of the matters asserted'" therein.  *Roth*, 489 F.3d at 509.  Additionally, courts in this District have "inherent authority to strike any filed paper" they find "improper."  *See, e.g., Nat. Res. Def. Council v. U.S. Food & Drug Admin*., 884 F. Supp. 2d 108, 115 n. 5 (S.D.N.Y. 2012).

      In support of their motion, Defendants submit 33 exhibits, including current and archived webpages from two gossip websites – Blind Gossip and Naughty Gossip – and a tweet from Blind Gossip's twitter account (Def. Exs. 16-18), for the repeated assertion that ***public*** rumors existed during the Class Period that Leslie Moonves ("Moonves") "was about to experience a '#MeToo moment.'"  *E.g*., Def. Mem. at 1, 6.[2]  Specifically, Defendants seek judicial notice of the Gossip Exhibits in an attempt to argue that the purportedly "public rumors" undermine their disclosure

---

[1] As noted in ECF No. 82 at 40, n.27, Plaintiff's counsel contacted counsel for Defendants to coordinate a teleconference with Chambers to discuss the proposed motion.  Over the course of the following weeks, counsel engaged in several teleconferences to try to resolve the proposed motion without court intervention; those efforts were unsuccessful.

[2] To be sure, comments on these websites proposed numerous individuals other than Moonves as possibly being a person about to experience his own #MeToo moment, further weakening Defendants' argument.

**Robbins Geller Rudman & Dowd LLP**

Honorable Valerie E. Caproni
July 16, 2019
Page 2

obligations and their scienter. *Id.* at 1, 4-6, 39-40. Defendants will likely argue that they seek to introduce the exhibits not for their truth, but for the fact that the information contained in them was publicly available at the time. Whether submitted for their content or the fact of publication alone, judicial notice of the Gossip Exhibits is improper. *See In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *15 (S.D.N.Y. June 10, 2010) (granting motion to strike information contained on defendant's website submitted for the fact of its publication in Section 10(b) action); *In re Tommy Hilfiger, Sec. Litig.*, 2007 WL 5581705, at *5 (S.D.N.Y. July 20, 2007) (striking news articles submitted with defendants' motion to strike Section 10(b) claim as "[t]he fact of their publication alone is irrelevant"); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) ("information appearing on the third party websites is not a proper subject of judicial notice because it is not capable of accurate and ready determination").

Even assuming Defendants submit the Gossip Exhibits for the fact of publication alone, they have failed to show that such publication is generally known within this District or that the sources' accuracy "cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Indeed, Blind Gossip and Naughty Gossip – which, not surprisingly, are gossip websites – are quintessential sources whose accuracy *can* reasonably be questioned.[3] In fact, the only information in the Gossip Exhibits connecting Moonves to the rumored #MeToo story comes from anonymous user comments in Exhibits 16 and 18. This adds yet another layer of questionability to the exhibits as comments on obscure gossip websites (and even the posts by the websites themselves) are "not [] well-publicized fact[s] of which an average investor would be aware," and are not "generally known" within the Court's jurisdiction. *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 288 (S.D.N.Y. 2013).[4] Thus, whether public rumors about Moonves existed are not facts that are "not subject to reasonable dispute," and cannot be judicially noticed. Fed. R. Evid. 201(b).[5]

For these reasons, the Court should strike the Gossip Exhibits and all references to them.

---

[3] *Compare Cowan v. Costco Wholesale Corp.*, 2017 WL 59080, at *2 (E.D.N.Y. Jan. 5, 2017) (refusing to take judicial notice at the motion to dismiss stage of facts in a Wikipedia page because doing so would be "completely inappropriate" as there is "no way for the Court to ascertain the reliability of the underlying sources of that reference at this stage of the proceeding") *with Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 261-63 (S.D.N.Y. 2019) (taking judicial notice of the fact that mayor made statements in New York City Department of Education press release and on his official twitter account because the accuracy of the sources cannot reasonably be questioned).

[4] The websites themselves do not guarantee the accuracy of their posts. *See* https://blindgossip.com/legal/ ("This is a gossip site. Information published on the site–especially information republished from other sites–may be inaccurate or contain errors. We can make no warranties or guarantees about the accuracy of individual posts.") (last accessed 7/15/19); https://www.naughtygossip.com/terms-of-use ("NaughtyGossip.com does not represent or warrant the truthfulness, accuracy or reliability of any material posted by others on or through the website, nor does NaughtyGossip.com endorse any opinions expressed by participants in forums or users of the website.") (last accessed 7/15/19).

[5] Because the Gossip Exhibits should be stricken, references to and arguments related to these exhibits should also be stricken. *See, e.g., Talwar v. Staten Island Univ. Hosp.*, 2016 WL 1298969, at *7 (E.D.N.Y. Mar. 31, 2016).

Robbins Geller
Rudman & Dowd LLP

Honorable Valerie E. Caproni
July 16, 2019
Page 3

        Respectfully submitted,

        */s/ David A. Rosenfeld*

        DAVID A. ROSENFELD