|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>:<br>CONSTRUCTION LABORERS PENSION TRUST :<br>FOR SOUTHERN CALIFORNIA, GENE SAMIT :<br>and JOHN LANTZ, Individually and on Behalf of :<br>All Others Similarly Situated, :<br>:<br>                                 Plaintiffs,  -v- :<br>:<br>CBS CORPORATION, et al. :<br>:<br>:<br>:<br>                                 Defendants. :<br>------------------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:  3/17/2020<br><br><br><br>18-CV-7796 (VEC)<br><br>CIVIL CASE<br>MANAGEMENT PLAN<br>AND SCHEDULING<br>ORDER |

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be served 14 days after the Court resolves Lead Plaintiff's Motion for Class Certification.

4. Merits discovery shall begin after the Court resolves the Lead Plaintiff's Motion for Class Certification, and the schedule for such discovery will be determined after the Court resolves Lead Plaintiff's Motion for Class Certification.

5. Discovery with Respect to Class Certification

   a. Deadlines for Discovery with Respect to Class Certification

      i   Lead Plaintiff shall serve its expert reports (if any) in support of its Motion for Class Certification by July 31, 2020.

      ii  Defendants shall serve their expert reports (if any) in opposition to Lead Plaintiff's Motion for Class Certification by September 16, 2020.

    iii  Lead Plaintiff shall serve its rebuttal expert report (if any) in further support of its Motion for Class Certification by October 16, 2020.

    iv  Defendants shall serve their rebuttal expert reports in further support of their opposition to Lead Plaintiff's Motion for Class Certification by November 16, 2020.

    v  The parties shall complete fact discovery by November 16, 2020.

    vi  The parties shall conduct expert depositions by December 14, 2020.

b.  Fact discovery conducted in connection with Lead Plaintiff's Motion for Class Certification and Defendants' Opposition(s) thereto shall be limited to the following topics, subject to the Court's rulings on the disputed topics set forth in the parties' joint letter to the Court dated March 13, 2020:

    i  Lead Plaintiff's reliance on the statement allegedly made by Leslie Moonves at the Variety Innovate Summit on November 29, 2017, as alleged in paragraph 125 of the Amended Consolidated Complaint (the "Variety Statement"), and/or the price of CBS stock in purchasing CBS stock during the period from November 29, 2017 through December 4, 2018;

    ii  Lead Plaintiff's knowledge of CBS corporate developments and changes in CBS stock price during the period from November 29, 2017 through December 4, 2018;

    iii  whether Lead Plaintiff is a typical member of the Putative Class—defined in paragraph 1 of the Amended Consolidated Complaint as all purchasers of CBS Class A and Class B stock during the period from September 26, 2016 through December 4, 2018—and an adequate representative thereof, including but not limited to Lead Plaintiff's familiarity with this litigation and all contracts, understandings or other arrangements between Lead Plaintiff and Lead Counsel with respect to this litigation;

    iv  the impact (if any) of the Variety Statement on the price of CBS stock during the period from November 29, 2017 through December 4, 2018;

    v  whether investors other than Lead Plaintiff relied upon the Variety Statement and/or the price of CBS stock in purchasing CBS stock during the period from November 29, 2017 through December 4, 2018;

    vi  the publication and dissemination of the Variety Statement to potential investors in CBS stock and/or the markets in which CBS stock traded;

    vii  the propriety of the Putative Class Period, including but not limited to whether it should commence on September 26, 2016 and end on December 4, 2018, as alleged in paragraph 1 of the Amended Consolidated Complaint; and

    viii non-party discovery concerning CBS's share price, market capitalization, number of shareholders, or volume of shares traded before December 4, 2018.

c.  The parties reserve their respective rights to object to a discovery request seeking information relevant to one or more of the topics set forth in Section 5(b) on any ground permissible under the Federal Rules of Civil Procedure (*e.g.*, on the grounds that the information sought is not reasonably accessible or the scope of the request is impermissibly overbroad).

d.  The parties agree that no fact discovery conducted in connection with Lead Plaintiff's Motion for Class Certification and Defendants' Opposition(s) thereto shall be permissible as to any matter relating solely to the merits of Lead Plaintiff's claims. Accordingly, and for the avoidance of doubt, no fact discovery conducted in connection with Lead Plaintiff's Motion for Class Certification and Defendants' Opposition(s) thereto shall be permissible as to any of the following topics except as otherwise permitted by the Court:

    i  the truth or falsity of any of the alleged misstatements set forth in the Amended Consolidated Complaint that were dismissed from this action in the Court's Opinion and Order;

    ii  the truth or falsity of any of the alleged omissions set forth in the Amended Consolidated Complaint that were dismissed from this action in the Court's Opinion and Order;

    iii the truth or falsity of the Variety Statement;

    iv the materiality of any alleged misstatement or omission set forth in the Amended Consolidated Complaint, including the materiality of the Variety Statement;

    v  the scienter of Leslie Moonves, CBS, any current or former CBS employee or, any of the defendants dismissed from this action in the Court's Opinion and Order, including but not limited to (where applicable) such individuals' sales of CBS stocks and as to any alleged misstatement or omission set forth in the Amended Consolidated Complaint, including but not limited to the Variety Statement;

    vi the knowledge and or/recklessness of Leslie Moonves, CBS, any current or former CBS employee, or any of the defendants dismissed from this action in the Court's Opinion and Order as to the allegedly false or misleading nature

       of any alleged misstatement or omission set forth in the Amended Consolidated Complaint, including but not limited to the Variety Statement;

    vii  the truth or falsity of each act of misconduct alleged in the Amended Consolidated Complaint, including but not limited to acts of alleged misconduct by Leslie Moonves, Charlie Rose, Don Hewitt, Jeff Fager, Ira Rosen, Michael Radutzky, Brad Kern, Andrew Kreisberg, Vincent Favale, Michael Weatherly, or any other person affiliated or associated in any way with CBS, including on-air talent and independent contractors;

    viii the knowledge of others at CBS as to each act of misconduct alleged in the Amended Consolidated Complaint referenced in Section 5(d)(vii) above, including but not limited to the knowledge of current and former CBS officers and directors; and

    ix  the investigation into allegations against Leslie Moonves, CBS News, and cultural issues at CBS conducted by Covington & Burling LLP and Debevoise & Plimpton LLP, as described in the August 1, 2018 statement issued by CBS's Board of directors, including but not limited to any documents and/or communications related to that investigation that CBS asserts are protected by the attorney-client privilege or attorney work product doctrines, regardless of whether such communications and/or work product were/was improperly shared with the press.

e. In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

6. Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

    _____    Immediate referral to the District's Mediation Program

    _____    Immediate referral to a Magistrate Judge

    _____    Referral to the District's Mediation Program after the close of fact discovery

    _____    Referral to a Magistrate Judge after the close of fact discovery

  __X___    Other (private mediation)

7. Plaintiff has requested a jury trial.

8. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
   _____
   _____
   _____
   _____

9. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

| ROBBINS GELLER RUDMAN & DOWD LLP | WILLKIE FARR & GALLAGHER LLP |
|---|---|
| _/s/ Vincent M. Serra_ | _/s/ Mary Eaton_ |
| Samuel H. Rudman | Mary Eaton |
| David A. Rosenfeld | Tariq Mundiya |
| Vincent M. Serra | Todd Cosenza |
| (signed electronically with the consent of counsel) | Zeh S. Ekono |
| 58 South Service Road, Suite 200 | 787 Seventh Avenue |
| Melville, New York 11747 | New York, New York 10019 |
| Telephone: (631) 367-7100 | Telephone: (212) 728-8000 |
| Email: srudman@rgrdlaw.com | Email: meaton@willkie.com |
| drosenfeld@rgrdlaw.com | tmundiya@willkie.com |
| vserra@rgrdlaw.com | tcosenza@willkie.com |
|  | zekono@willkie.com |
| Spencer A. Burkholz (admitted pro hac vice) | *Attorneys for Defendant CBS Corporation (n/k/a ViacomCBS Inc.)* |
| Jonah H. Goldstein (admitted pro hac vice) |  |
| Laurie L. Largent (admitted pro hac vice) |  |
| Laura M. Andracchio (admitted pro hac vice) |  |
| 655 West Broadway | DECHERT LLP |
| Suite 1900 |  |
| San Diego, CA 92101 |  |
| Telephone: (619) 231-1058 | _/s/ Andrew J. Levander_ |
| Email: spenceb@rgrdlaw.com | Andrew J. Levander |
| jonahg@rgrdlaw.com | Hector Gonzalez |
| llargent@rgrdlaw.com | Margaret Mortimer |
| landracchio@rgrdlaw.com | (signed electronically with the consent of |

5

*Lead Counsel for Lead Plaintiff*

counsel)
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 698-3500
Email:  andrew.levander@dechert.com
            hector.gonzalez@dechert.com
            margaret.mortimer@dechert.com

Angela M. Liu (admitted pro hac vice)
35 West Wacker Drive
Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5816
Email: angela.liu@dechert.com

*Attorneys for Defendant Leslie Moonves*

**SO ORDERED.**

**Date:**   March 17, 2020   
   **New York, New York**

_____
**VALERIE E. CAPRONI**
   **United States District Judge**