UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/10/2020

```
_____ x
CONSTRUCTION LABORERS PENSION         :
TRUST FOR SOUTHERN CALIFORNIA,        :
GENE SAMIT and JOHN LANTZ,            :
Individually and on Behalf of All Others  :
Similarly Situated,                   :
                                      :
                       Plaintiffs,    :
                                      :
          vs.                         :
                                      :
CBS CORPORATION and LESLIE            :
MOONVES,                              :
                                      :
                       Defendants.    :
                                      :
_____ x
```

Civil Action No. 1:18-cv-07796-VEC
**(Consolidated)**

CLASS ACTION

STIPULATED [PROPOSED]
CONFIDENTIALITY AND PROTECTIVE
ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), lead plaintiff Construction Laborers Pension Trust for Southern California ("Lead Plaintiff") and defendants CBS Corporation n/k/a ViacomCBS Inc. and Leslie Moonves ("Defendants") (collectively, the "Parties"), by and through their counsel, respectfully request that the Court issue a protective order ("Order") with the terms set forth below to govern the use of information produced during discovery in *Construction Laborers Pension Trust for Southern California v. CBS Corporation et al.*, 18-cv-7796 (VEC) (the "Litigation"); to maintain the confidentiality of non-public and competitively sensitive information that may need to be disclosed in connection with discovery in the Litigation; and to guard against the waiver of attorney-client privilege and work product protection under Federal Rule of Evidence 502(d).

## I.    DEFINITIONS

1.1    As used in the Order, the following terms shall have the following meanings:

(a)    <u>Competitor</u>.  Any person or entity engaged in, or endeavoring to engage in, the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets as a Party.

(b)    <u>Confidential Discovery Material</u>.  Any Discovery Material designated as "Confidential" pursuant to Section 3.2 below.

(c)    <u>Counsel</u>.  Outside Counsel and In-House Counsel.

(d)    <u>Derivative Information</u>.  As defined in Section 3.4 below.

(e)    <u>Designating Party</u>.  Any Party or Non-Party that designates Discovery Material as "Confidential" or "Highly Confidential."

(f)    <u>Discovery Material</u>.  Any information contained in documents, testimony taken at depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses

- 1 -

to requests for admissions, and any other information or material produced, given or exchanged in this Litigation, regardless of the medium or manner generated, stored, or maintained.

        (g)    <u>Expert and/or Consultant</u>.   A person with specialized knowledge or experience in a matter pertinent to this Litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Litigation, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Litigation.

        (h)    <u>Highly Confidential Discovery Material</u>.  Any Discovery Material designated as "Highly Confidential" pursuant to Section 3.2 below.

        (i)    <u>In-House Counsel</u>.  Attorneys and other personnel employed by a Party to perform or support legal functions, to whom disclosure of Protected Material is reasonably necessary in connection with the prosecution or defense of this Litigation.

        (j)    <u>New Party</u>.  Any additional person or entity that becomes a Party to the Litigation.

        (k)    <u>Non-Party</u>.  Any person or entity that is not a named Party to the Litigation.

        (l)    <u>Objecting Party</u>.  As defined in Section 13.2 below.

        (m)    <u>Outside Counsel</u>.  Attorneys, along with their paralegals and other support personnel assisting them with this Litigation (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Litigation.

        (n)    <u>Personal Data</u>.  Any Discovery Material that a Party believes in good faith to be sensitive personally identifiable information or subject to federal, state, or foreign data

- 2 -

protection laws or other privacy obligations. Personal Data may be treated as "Highly Confidential Discovery Material" or "Confidential Discovery Material" under this Order; provided, however, that nothing herein shall be construed as waiving any objections any Party may have to the production of Personal Data, including, without limitation, objections that discovery of such Personal Data may, in some instances, need to proceed in accordance with international protocols rather than pursuant to the Federal Rules of Civil Procedure.

(o)     <u>Privileged Material</u>.  Discovery Material protected from disclosure under the attorney-client privilege, the work-product doctrine, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity.

(p)     <u>Producing Party</u>.  Any person or entity, whether a Party or Non-Party, that produces Discovery Material in the Litigation.

(q)     <u>Professional Vendor</u>.  Any person or entity that provides litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium, etc.) and their employees and subcontractors.

(r)     <u>Protected Material</u>.  Any Discovery Material that is designated as "Confidential" or "Highly Confidential," provided, however, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

(s)     <u>Receiving Party</u>.  Any Party receiving Discovery Material in the Litigation.

(t)     <u>Sealed Documents</u>.  As defined in Section 9.3 below.

## II.    PURPOSES AND LIMITATIONS

2.1    Subject to Section 5, all Discovery Material (including, but not limited to, Protected Material) shall be used solely for purposes of the prosecution or defense of this Litigation and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other proceeding, whether judicial, governmental, administrative or arbitral, contemplated, pending, or final.  Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and shall ensure that Discovery Material is:  (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons, as described in Section 5 below. Each person who has access to Discovery Material that has been designated as "Confidential" or "Highly Confidential" shall prevent the unauthorized or inadvertent disclosure or misuse of such material, including by employing reasonable measures, consistent with this Order, to control access to, duplication of, and distribution of such material.

2.2    The protections conferred by this Order and the limitations on the use of information obtained during the course of discovery in this Litigation as set forth in this Order cover not only Discovery Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  However, except as set forth in Section 11.3, this Order shall not be construed to cause any Counsel to produce, return, destroy, and/or sequester their own work product created in anticipation of or in connection with this Litigation.

2.3    The obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## III.  DESIGNATING DISCOVERY MATERIAL

3.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order will act in good faith not to over-designate Discovery Material as Protected Material.

3.2     <u>Confidentiality Designations</u>.  Any Producing Party may designate Discovery Material it produces as "Confidential" if that Party believes in good faith that such Discovery Material contains or reflects non-public personal, financial, proprietary, customer or client information, commercially sensitive information, trade secrets, or information that is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G), any other applicable Federal Rule of Civil Procedure, applicable laws or regulations (including information that is subject to U.S. or foreign privacy, data protection, or secrecy laws or regulations), or regulations governing the disclosure of government or agency documents ("Confidential Discovery Material").  Any Producing Party may designate as "Highly Confidential" any Discovery Material that meets the requirements for Confidential Discovery Material, as set forth above, and which a Producing Party believes in good faith would likely cause competitive or financial injury to the Producing Party if disclosed ("Highly Confidential Discovery Material").

3.3     <u>Manner of Designations</u>.  For purposes of this Order, Producing Parties shall designate Protected Material in the following manner:

(a)     In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures, and other written information), the Producing Party shall mark such Discovery Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the relevant materials at the time of its production.  Excel spreadsheets, if produced by any

- 5 -

Party in native format, and any other native files that may be produced, shall be produced by such Party with a corresponding placeholder TIFF bearing a document control number and the confidentiality designation, if any;

(b) In the case of materials produced in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks, or tapes), the Producing Party shall affix a label on the media or its casing indicating its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and, if possible, shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation;

(c) In the case of depositions, Counsel for any Party may designate as "Confidential" or "Highly Confidential" all or any portion of a deposition transcript, including any rough draft transcript, deemed to contain Protected Material. The Designating Party shall advise the court reporter and counsel of record of the testimony containing the Protected Material, either orally at the deposition or in writing to all Parties no later than thirty (30) days after receipt of the transcript or rough draft transcript of such depositions or other pretrial testimony. The court reporter shall mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the first page of the transcript and from the beginning through the end of any portions thereof designated as "Confidential" or "Highly Confidential." Until the expiration of the 30-day period, the Parties shall treat the entirety of any transcript, including any rough draft transcripts, as Highly Confidential Discovery Material. Thereafter, only those portions of the transcripts designated as "Confidential" or "Highly Confidential" shall be deemed Protected Material. The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court. Discovery Material previously designated as

- 6 -

"Confidential" or "Highly Confidential" that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter;

(d)     In the case of interrogatory answers and responses to requests to admit, and the information contained therein, the Producing Party shall affix the legend  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a prominent place on each page of such document prior to service;

(e)     In the case of reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, the Party responsible for its creation shall affix the legend  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover of the report; and

(f)     In such cases where the marking of each piece of Discovery Material as "Confidential" or "Highly Confidential" is impractical or impossible, the Producing Party shall designate in writing the Discovery Material that it regards as containing Protected Material at the time of its production.

3.4     <u>Derivative Information</u>.  Extracts, summaries, compilations, and descriptions of Protected Material and notes, electronic images, or databases containing Protected Material ("<u>Derivative Information</u>") shall be treated as "Confidential" or "Highly Confidential" in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

3.5     <u>Failure to Designate</u>.  If a Producing Party produces Discovery Material that it considers to be "Confidential" or "Highly Confidential" without affixing the appropriate legend(s) to such Discovery Material, produces two or more identical copies of Discovery Material (*i.e.*,

duplicates) with inconsistent legends, or fails to designate deposition or other testimony within the 30-day period provided in Section 3.3(c), or if a Party fails to designate Discovery Material produced by a Non-Party within the 60-day period provided in Section 16.3, the Producing Party or the Party failing to designate Discovery Material produced by a Non-Party, as applicable, may subsequently designate such Discovery Material as "Confidential" or "Highly Confidential" by, promptly upon learning of the production without the required legend(s), delivering to the Receiving Parties or, in the event of a production by a Non-Party, all Parties: (i) written notice of such designation; and (ii) properly designated copies of such Discovery Material, with the effect that such Discovery Material will thereafter be fully subject to the protections afforded by this Order. The Receiving Party or, in the event of a production by a Non-Party, all Parties, must make a good faith effort to retrieve such Discovery Material if disclosed to persons not permitted by this Order. Nothing in this Order shall prevent a Producing Party or Non-Party, in good faith, from correcting the designation of information that already has been produced to another Party in undesignated form or with a different designation, or designating as "Confidential" or "Highly Confidential" information that has previously been produced in undesignated form or with a different designation by another Producing Party or Non-Party.

3.6     No Waiver. Disclosure by the Producing Party of Discovery Material designated as "Confidential" or "Highly Confidential" regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or a related subject matter.

3.7     Upward Designation of Information or Documents Produced by Other Parties or Non-Parties. A Party or Non-Party may upward designate (*i.e.*, change any Discovery Material

produced without a designation of Confidential Discovery Material or Highly Confidential Discovery Material to Confidential Discovery Material or Highly Confidential Discovery Material) any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward designating Party's or Non-Party's Protected Material. Upward designation shall be accomplished by providing written notice to all Parties and/or Non-Parties identifying (by production number or other individually identifiable information) the Discovery Material to be re-designated. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section 13 regarding challenging designations.

## IV.    REDACTIONS

4.1    <u>Privilege Redaction</u>. Any Producing Party may redact from any Discovery Material any Privileged Material. For redacted items that were originally Electronically Stored Information ("ESI"), and to the extent practicable in light of applicable privilege assertions, metadata fields will be provided and will include as much non-redacted data as practicable without waiving any privilege claims. Documents redacted for privilege shall be identified as such in the load file provided with the production.

4.2    <u>Personal Data Redactions</u>. Any Producing Party may redact from any Discovery Material any Personal Data that the Producing Party claims in good faith is required to be redacted under any federal, state, or foreign data protection laws or other privacy obligations. Any redactions of Personal Data shall be marked "Personal Data." The Producing Party shall preserve an unredacted version of each such Discovery Material. Personal Data shall be redacted from any public filing not filed under seal.

## V.     ACCESS TO AND USE OF DESIGNATED DISCOVERY MATERIAL

5.1     Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Litigation. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation, action, or proceeding, or evaluation of other potential claims not asserted in the Litigation.  Following the termination of this Litigation, each Receiving Party must comply with the provisions of Section 14 below.

5.2     <u>Use of Protected Material</u>.  No person shall disclose, or cause another person to disclose, Protected Material to any other person except as provided in this Order.  A recipient of Protected Material may disclose, summarize, describe, characterize, or otherwise communicate or make available such Protected Material, in whole or in part, only to the following persons, and only insofar as such disclosure, summary, description, characterization, or communication is reasonably necessary for the prosecution or defense of this Litigation:

(a)     In-House Counsel and Outside Counsel for the Parties in this Litigation, and the regular and temporary employees and service vendors of such Counsel (including outside copying services and outside litigation support services) assisting in the Litigation, provided, however, that in all instances, any disclosure is for use in accordance with this Order;

(b)     With respect to Confidential Discovery Material only, a Party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with

respect to, the Litigation, or, in the case of an individual Party, the Party himself or herself, provided that any such authorized representative who is not a Party or a current employee, officer, or director of or attorney for such a Party shall sign an undertaking in the form attached as Exhibit A hereto;

(c)     Subject to Section 5.4, Experts or Consultants and their employees and/or staff members engaged to prepare a written opinion, testify, or assist Counsel for a Party in the Litigation, provided that any report created by such Expert or Consultant relying on or incorporating Confidential Discovery Material or Highly Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" or "Highly Confidential" by the Party responsible for its creation, that all other work product created by such Expert or Consultant relying on or incorporating Confidential Discovery Material or Highly Confidential Discovery Material, in whole or in part, be treated as Derivative Information, and provided further that such Expert or Consultant has signed an undertaking in the form attached as Exhibit A hereto;

(d)     The author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided that:  (1) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (2) the person is not permitted to retain copies of the Confidential Discovery Material or Highly Confidential Discovery Material; and (3) the person is explicitly informed by Outside Counsel that this Order forbids him or her to disclose the Confidential Discovery Material or Highly Confidential Discovery Material except as permitted under this Order, and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(e)     A witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the Litigation not otherwise authorized to view the Confidential Discovery Material or Highly Confidential Discovery Material in question and who has signed an undertaking in the form attached as Exhibit A hereto, during that witness's testimony at a deposition, hearing, or trial in the Litigation, or in preparation for the same, provided that:  (1) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (2) the witness is not permitted to retain the Confidential Discovery Material or Highly Confidential Discovery Material after the witness is examined regarding the Confidential Discovery Material or Highly Confidential Discovery Material; and (3) the disclosing Party's Outside Counsel advises the witness, in advance of any disclosure, that this Order forbids him or her to disclose the Confidential Discovery Material or Highly Confidential Discovery Material except as permitted under this Order, and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(f)     Court reporters and videographers and their respective staffs retained in connection with the Litigation;

(g)     The Court, necessary court personnel, and jurors;

(h)     Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of the Litigation, provided that such meditator, arbitrator, or other person has signed an undertaking in the form attached as Exhibit A hereto;

(i)     Relevant employees of or counsel to any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Litigation;

(j)     Any other person agreed to by the Producing Party in writing; and

(k)      Any other person agreed upon in advance by all Parties in writing or on the record or any person as to whom the Court directs should have access, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

5.3      Subject to Section 11.4, to the extent that testimony is sought concerning Protected Material during any deposition or in any other pretrial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Protected Material may not be disclosed to such person under the terms of this Order.

5.4      Notwithstanding Section 5.2(c) above, Protected Material may be provided to persons listed therein only to the extent necessary for such Expert or Consultant to prepare a written opinion, to prepare to testify, or to assist Counsel in this Litigation, provided that such Expert or Consultant (i) is not currently an employee of, advising or discussing employment with, or consultant to, any Party or any Competitor or potential transaction counterparty of any Party, as far as the Expert or Consultant can reasonably determine, and (ii) is using said Protected Material solely in connection with this Litigation; and further provided that such Expert or Consultant agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing Protected Material to any person required to execute an undertaking pursuant to this Section shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.  Under no circumstances shall an expert or consultant who is a Competitor or an employee of a Competitor of a Party, or who is providing services to any of the foregoing, be provided access to Protected Material absent further order of the Court or consent of the Producing Party.

Notwithstanding Section 5.2(c), Protected Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this

Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of this Order. Counsel for the Party showing Protected Material to any person required to execute an undertaking pursuant to this Section shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

      5.5    <u>Retention of Exhibit A</u>. Counsel for the Party that obtains the signed Exhibit A, as required above, shall retain them for six (6) months following the final termination of this Litigation, including any appeals, and shall make them available to other Parties, Non-Parties, or the Court upon good cause shown.

      5.6    <u>Retention of Protected Material</u>. Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Section 5.2 who have been shown Protected Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Protected Material was disclosed.

      5.7    <u>Disclosure to Unauthorized Persons</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosures; (ii) use best efforts to retrieve and/or have destroyed all copies of the Protected Material; (iii) inform the person or persons to whom unauthorized disclosure was made of all of the terms of this Order; and (iv) use best efforts to ensure that such person or persons execute the undertaking in the form attached as Exhibit A hereto.

      5.8    <u>Use by Additional Parties</u>. In the event that a New Party joins the Litigation, neither their outside counsel nor experts or consultants retained to assist such counsel shall have access to

Protected Material produced by or obtained from any other Producing Party until the New Party has executed and filed with the Court a copy of this Order.

5.9     Limitations on Use.  Every person or entity given access to Protected Material or information contained therein:  (i) shall not make copies, duplicates, extracts, summaries, or descriptions of such material, or any portion thereof, except for use in connection with the Litigation, and each such copy is to be treated in accordance with the provisions of this Order; (ii) shall maintain the Protected Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure; and (iii) shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

## VI.     STORAGE OF PROTECTED MATERIAL

6.1     The recipient of any Protected Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## VII.    DATA SECURITY

7.1     Any person in possession of Protected Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Protected Material, protect against any reasonably anticipated threats or hazards to the security of such Protected Material, and protect against unauthorized access to such Protected Material.  To the extent a Party or person does not have an information security program, it may comply with this provision by having the Protected

Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

## VIII.   LOSS OF PROTECTED MATERIAL OR BREACH OF SECURITY

8.1     If a Receiving Party or authorized recipient discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's or Non-Party's Protected Material, the Receiving Party or authorized recipient must, as soon as practicable, but in any event, not longer than three (3) business days after discovery of the breach by Counsel:  (i) notify in writing the Designating Party and, if different, the Producing Party of such breach; (ii) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Designating Party and, if different, the Producing Party with assurances reasonably satisfactory to the Designating Party and, if different, the Producing Party that such breach shall not recur; and (iii) provide sufficient information about the breach so that the Producing Party can reasonably ascertain the size and scope of the breach.  The Receiving Party or authorized recipient agrees to cooperate with the Designating Party and, if different, the Producing Party or law enforcement, in investigating any such security incident.  In any event, the Receiving Party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

## IX.    FILING DESIGNATED DISCOVERY MATERIAL

9.1     <u>Filing Designated Discovery Material</u>.  A Party may not file in the public record in this Litigation any Confidential Discovery Material or Highly Confidential Discovery Material without written permission from the Producing and/or Designating Party or a court order secured after appropriate notice to all interested persons.  A Party that seeks to file under seal any Confidential Discovery Material or Highly Confidential Discovery Material must comply with

- 16 -

Section 6 of the Electronic Case Filing Rules and Instructions for the Southern District of New York. Confidential Discovery Material or Highly Confidential Discovery Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific material at issue. Confidential Discovery Material or Highly Confidential Discovery Material may be filed publicly only if the Party seeking to file such material requests permission from the Court to file the material under seal, and the Court denies the request on the basis that the information contained in the Confidential Discovery Material or Highly Confidential Discovery Material is not sufficiently confidential to allow it to be filed under seal. The date upon which the Confidential Discovery Material or Highly Confidential Discovery Material is appended to a motion to file under seal shall act as the date that such material is filed with the Court regardless of the date upon which the Court issues an order on the motion to file under seal.

9.2    In certain instances, materials submitted to the Court may be designated Confidential Discovery Material or Highly Confidential Discovery Material by another Party or Non-Party, and the filing Party may disagree or have no position with respect to whether sealing is appropriate. In such instances, the filing Party shall comply with the procedures in Section 6 of the Electronic Case Filing Rules and Instructions for the Southern District of New York, but shall indicate in its motion for permission to file under seal that the confidentiality designation was made by another Party or a Non-Party. If the Designating Party is a Non-Party, such Designating Party shall also be served with copies of the motion and the unredacted materials submitted to the Court. The Designating Party will have ten (10) days thereafter to submit a motion specifying the portions of the Discovery Material to be sealed and setting forth the reasons why sealing is appropriate under the circumstances, or otherwise consenting that the Discovery Material need not be sealed.

9.3     All materials for which a Party is requesting permission to file under seal ("Sealed Documents") pursuant to this Order, shall be filed in accordance with Section 6 of the Electronic Case Filing Rules and Instructions for the Southern District of New York.

9.4     All documents and materials filed on the Court's docket that contain Personal Data that has not been redacted, including, *inter alia*, any transcripts of depositions, exhibits, answers to interrogatories, briefs, memoranda, declarations, affidavits, and pleadings which are comprised of or contain Personal Data or information taken therefrom, shall be filed under seal (subject to Court approval).

9.5     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

9.6     Removal of Sealed Records.  Sealed records that have been filed may be removed by the Designating Party:  (i) within ninety (90) days after a final decision disposing of the Litigation is rendered if no appeal is taken; or (ii) if an appeal of the final decision is taken, within thirty (30) days after final disposition of the appeal.

## X.      PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

10.1    This Order has no effect upon, and shall not apply to, a Producing Party's use of its own Protected Material for any purpose.  Similarly, this Order has no effect upon, and shall not apply to, any information or material that:  (i) was, is, or becomes public, and is not in breach of this Order; (ii) is acquired, developed, or learned by the Receiving Party independent of discovery in this Litigation; or (iii) is required by law to be made available to third parties.

## XI.     CLAWBACK OF PRIVILEGED MATERIAL OR PERSONAL DATA

11.1    Production Not a Waiver.  It is the intent of the Parties to assert and preserve all information within the attorney-client privilege, any other applicable privilege, and/or entitled to

work product protection. Pursuant to Federal Rule of Evidence 502(d), production or disclosure of any Discovery Material in the Litigation or any other proceeding that the Producing Party subsequently claims is protected from discovery or disclosure, in full or in part, by the attorney-client privilege, the attorney work-product doctrine, and/or any other additional privilege, immunity, or protection, including, but not limited to, the joint defense or common interest doctrines or applicable laws and regulations, whether inadvertent or otherwise, shall not be deemed to be a waiver of those protections with respect to the Privileged Material or Personal Data, the subject matter of the Privileged Material or Personal Data, or the right to object to the production or disclosure of the Privileged Material or Personal Data in this Litigation or for any other purpose. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents or other Protected Material (including metadata) for relevance, responsiveness, and/or segregation of Privileged Material or Personal Data or other protected information before production.

11.2 <u>Claw Back Procedure</u>. In order to claw back Privileged Material or Personal Data that was produced for any reason, whether inadvertent or otherwise, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back.

11.3 Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material or Personal Data that was produced for any reason, whether inadvertent or otherwise, the Receiving Party shall promptly undertake commercially reasonable efforts to return to the Producing Party and destroy all summaries or copies of such Privileged Material or Personal Data (notwithstanding the final sentence of Section 2.2 regarding a Receiving

- 19 -

Party's own work product that reflects the Protected Material referred to in this Section), shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return and destroy such Privileged Material or Personal Data, shall inform that Producing Party as to whether disclosure of the clawed-back Discovery Material to another Party or Non-Party has been made, and shall not use such items for any purpose until further order of the Court. In all events, such return, destruction, and certification must occur within ten (10) business days of receipt of the request. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such documents previously were produced. For the avoidance of doubt, Personal Data does not need to be logged.

11.4    If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material or Personal Data, the Party may at its sole election: (i) allow the document to be used during the deposition without waiver of its claim of privilege or protection (including Personal Data); or (ii) instruct the witness not to answer questions concerning the parts of the document containing the claimed Privileged Material or Personal Data pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material or Personal Data. If the Party allows the examination concerning the document to proceed on a nonwaiver basis, the Parties shall return or destroy all copies of the purportedly privileged or protected document pursuant to Section 11.3. Immediately following the deposition, the Parties will commence the procedure outlined in this Section to address the claim of privilege or other protection and any related

disputes.  Until any such disputes are resolved, all Parties who have access to the transcript of such deposition shall treat the relevant portion(s) of the transcript as Privileged Material or Personal Data.

## XII.   USE OF DESIGNATED DISCOVERY MATERIAL IN COURT

12.1    Unless applicable rules or the Court provides for different notice or procedure, if any Receiving Party plans to utilize any Protected Material at a court hearing or conference and that same Protected Material has been filed with the Court in accordance with Section 9 of this Order, the Receiving Party may utilize the publicly-filed version, if any, of the Protected Material at such court hearing or conference without providing notice to the Producing and/or Designating Party.  The Receiving Party may also refer the Court to the sealed version of the Protected Material by ECF, Bates, or Exhibit number without providing notice to the Producing and/or Designating Party, but shall not describe or disclose the sealed content of the Protected Material unless (i) the Producing and/or Designating Party is given an opportunity to review the Protected Material either before or during the proceeding and waives the designation of the Protected Material for purposes of the proceeding, or (ii) the Court directs otherwise.

12.2    If the Receiving Party plans to utilize Protected Material at a court hearing or conference and that same Protected Material has not been filed with the Court by any Party, that Receiving Party will use reasonable efforts to inform the Producing and/or Designating Party of its intent to use such Protected Material 72 hours in advance of the court appearance.  The Parties will then use reasonable efforts to meet-and-confer regarding the proper treatment of the Protected Material.  Whether or not any such notice is given, the Receiving Party will provide the Producing and/or Designating Party with an opportunity to approach the Court in confidence, whether in Chambers or sidebar or such other method as the Court shall direct, regarding the use of the

- 21 -

Protected Material before reference is made to any such Protected Material. The use of Protected Material at hearings shall not cause such Protected Material to lose its status as Confidential Discovery Material or Highly Confidential Discovery Material. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any hearings, including petitioning the Court to close the courtroom.

12.3    Section 12 of this Order does not address the use of Protected Material at trial and does not apply to the use of Protected Material following the completion of discovery with respect to Class Certification pursuant to the Second Amended Civil Case Management Plan and Scheduling Order (ECF No. 151). The parties agree to meet-and-confer following the completion of discovery with respect to Class Certification regarding the necessary revisions to Section 12, if any, and the use of Protected Material in connection with trial and to raise the issue with the Court at an appropriate time.

## XIII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

13.1    <u>Failure to Challenge Not a Waiver</u>. A Party shall not be obligated to challenge the propriety of the designation of Discovery Material as "Confidential" or "Highly Confidential" at the time of the designation and the failure to do so shall not waive or otherwise preclude a subsequent challenge to such designation or failure to designate in accordance with Section 13.3 below.

13.2    <u>Time to Challenge Designation</u>. A Party may object to the designation of Discovery Material as "Confidential" or "Highly Confidential" (the "<u>Objecting Party</u>"), or a failure to so designate, at any time.

- 22 -

13.3    <u>Procedure for Challenging Designation</u>.   In the event that a Party wishes to challenge the designation of any Discovery Material as "Confidential" or "Highly Confidential" or challenge a failure to so designate, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practicable, including, for example, by production number, and by providing a basis for the challenge.  The Objecting Party and the Designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed.  If the Designating Party agrees to change a confidentiality designation or redaction, it must promptly notify all Receiving Parties that it is withdrawing the designation or redaction.  If the Parties are not able to resolve a dispute about a confidentiality designation or redaction during the meet-and-confer process set forth above, the Party challenging the designation or redaction may seek relief from the Court in accordance with its rules and procedures.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation. In the event the Court rules that the challenged material's designation or redaction should be changed, the Parties shall immediately treat the material in accordance with the Court's change in designation, and the Designating Party shall reproduce copies of all materials with their designations or redactions changed in accordance with the ruling within ten (10) business days of the ruling.

## XIV.   FINAL DISPOSITION

14.1    The provisions of this Order shall, absent written permission of the Producing and/or Designating Party or order of the Court, continue to be binding throughout and after the conclusion of the Litigation.  Within sixty (60) days after receiving notice of entry of an order,

- 23 -

judgment, or decree finally ending the Litigation, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Protected Material shall either: (i) identify and destroy all such Protected Material, including all copies thereof and Derivative Information, and certify to all Parties that all such materials have been destroyed; or (ii) return such materials to Counsel for the Producing Party and certify to all Parties that all such materials have been returned and not retained. Outside Counsel for the Parties shall be entitled to retain work product, court papers, deposition transcripts (including rough draft transcripts) and trial transcripts and any drafts of such transcripts that contain, reference, or constitute Protected Material, as well as any such materials that are subject to a litigation hold or document retention obligation in another matter or that are in use or may be used in a pending proceeding; provided, however, that such Outside Counsel, and employees of such Outside Counsel, shall maintain the confidentiality thereof pursuant to the terms of this Order.

## XV.    LEGAL PROCESS

15.1     If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal, or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof that seeks disclosure of any information or items designated in this Litigation as Protected Material, the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by electronic mail, if possible), and include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than five (5) business days after receipt unless production is required earlier than ten (10) business

days after receipt, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

15.2    The Receiving Party also must promptly inform the party that caused the discovery request, subpoena, order, or other form of legal process or request to issue that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other matter that caused the discovery request, subpoena, order, or other form of legal process or request to issue.  To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Protected Material subject to this Order, the Receiving Party shall request confidential treatment for the Protected Material.

15.3    The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material.  Nothing in these provisions should be

- 25 -

construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

15.4    In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Discovery Material shall continue to be treated in this Litigation in accordance with any designation as Confidential Discovery Material or Highly Confidential Discovery Material.

## XVI.    NON-PARTIES

16.1    <u>Protection for Non-Parties</u>.  Any Non-Party from whom Discovery Material is or has been sought in this Litigation may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and designating that its provision of Discovery Material is subject to this Order.

16.2    <u>Duty to Notify Non-Parties</u>.  The subpoenaing or requesting Party shall advise any Non-Party from whom Discovery Material is sought of the existence of this Order and its right to obtain its protections.

16.3    <u>Right of Party to Designate</u>.  To the extent that any Non-Party produces Discovery Material in this Litigation that contains Protected Material of a Party to this Litigation, any Party may designate such Discovery Material as "Confidential" or "Highly Confidential" for purposes of this Order by delivering written notice of such designation to the Parties within sixty (60) days of receipt by Counsel for all Parties of the Non-Party's production of such Discovery Material. Until the expiration of the 60-day period, the Parties shall treat any Discovery Material produced

- 26 -

by a Non-Party as Highly Confidential Discovery Material. Thereafter, only those portions of such Discovery Material designated as Protected Material shall be deemed as such.

16.4     As soon as practicable, and in no case more than three (3) business days after a Receiving Party's receipt of (i) written responses and objections and/or Discovery Material provided or produced in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, (ii) a request pursuant to the Hague Convention, or (iii) any other process for obtaining Discovery Material, including any court filings related to such subpoena or request, that Receiving Party must make copies of such written responses and objections, court filings, and/or Discovery Material available to all other Parties.

## XVII.  NOTICES

17.1     All notices required by this Order must be provided in writing to Outside Counsel of record for each Party and, if applicable, in writing to a Non-Party.  Any of the notice requirements herein may be waived, in whole or in part, but only in writing by an attorney for the Designating Party.

## XVIII. AMENDMENT OF ORDER

18.1     Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis.

## XIX.  VIOLATIONS OF PROTECTIVE ORDER

19.1     In the event that any Party or person should violate the terms of this Protective Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such Party or person violating or threatening to violate any of the terms of this Protective Order.  In the event that the aggrieved Producing Party seeks injunctive relief, it must petition the Court for such relief,

which may be granted at the sole discretion of the Court.  The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

## XX.  MISCELLANEOUS

20.1     It is the present intention of the Parties that the provisions of this Order shall govern discovery in the Litigation.  Nonetheless, the Parties hereto may modify the terms of the Order by agreement of all Parties in writing, and approval by the Court.

20.2     Entering into or agreeing to this Order, producing or receiving Protected Material or otherwise complying with the terms of this Order, shall not:

(a)     Operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" or "Highly Confidential" by the Producing Party is appropriately designated as such;

(b)     Prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Protected Material, in connection with this Litigation or any other proceeding;

(c)     Prejudice in any way the rights of a Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

(d)     Waive any applicable privilege, protection, or immunity;

(e)     Waive a Party's right to move the Court for an order allowing disclosure of Protected Material for good cause;

(f)     Prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purported Protected Material;

(g)     Prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material, so long as any alterations or waivers are made in writing and, with respect to alterations, signed in writing by all Parties; or

(h)     Affect, or be construed to affect, in any way the admissibility of any document, interrogatory response, or other evidence at hearings or trial of the Litigation.

20.3    The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Litigation.

20.4    The Parties agree to meet and confer concerning any dispute between the Parties regarding this Order before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, any Party may make an appropriate application to the Court for relief.

20.5    This Order may be executed in any number of actual, telecopied, or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual, telecopied, or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

20.6    This Order shall become effective as a stipulation among the Parties immediately upon its execution.

Cases\4815-3739-5921.v1-11/9/20

ROBBINS GELLER RUDMAN
   & DOWD LLP

_s/ Vincent M. Serra_

Samuel H. Rudman
Vincent M. Serra
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631-367-7100
Email: srudman@rgrdlaw.com
      vserra@rgrdlaw.com



Spencer A. Burkholz (admitted pro hac vice)
Jonah H. Goldstein (admitted pro hac vice)
Laurie L. Largent (admitted pro hac vice)
Laura Andracchio (admitted pro hac vice)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619-231-1058
Email: spenceb@rgrdlaw.com
      jonahg@rgrdlaw.com
      llargent@rgrdlaw.com
      landracchio@rgrdlaw.com

_Lead Counsel for Lead Plaintiff_

WILLKIE FARR & GALLAGHER
LLP

_/s/ Todd G. Cosenza_

Todd G. Cosenza
Tariq Mundiya
Zeh S. Ekono
(signed electronically with the consent of counsel)
787 Seventh Avenue
New York, NY 10019
Telephone: 212-728-8000
Email: tcosenza@willkie.com
      tmundiya@willkie.com
      zekono@willkie.com

_Attorneys for Defendant CBS Corporation (n/k/a ViacomCBS Inc.)_

DECHERT LLP

_s/ Hector Gonzalez_

Andrew J. Levander
Hector Gonzalez
Margaret Mortimer
Three Bryant Park
(signed electronically with the consent of counsel)
1095 Avenue of the Americas
New York, NY 10036
Telephone: 212-698-3500
Email: andrew.levander@dechert.com
      hector.gonzalez@dechert.com
      margaret.mortimer@dechert.com

Angela M. Liu (admitted pro hac vice)
35 West Wacker Drive
Suite 3400
Chicago, IL 60601
Telephone: 312-646-5816
Email: angela.liu@dechert.com

_Attorneys for Defendant Leslie Moonves_

- 30 -

Notwithstanding anything in this Order to the contrary, the parties must comply with this Court's Individual Practices, 5(A) - (C), when seeking to file any materials in this case under seal.

**ORDER**

IT IS SO ORDERED.

DATED:  11/10/2020

THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

- 31 -

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY**
**PROTECTIVE ORDER**

I, _____ [print or type full name], acknowledge that I have read

and understand the Protective Order in this Litigation captioned *Construction Laborers Pension*

*Trust for Southern California v. CBS Corporation et al.*, 18-cv-7796 (VEC) governing the non-

disclosure of those portions of Discovery Material that have been designated as "Confidential" or

"Highly Confidential."  I agree to abide by the obligations of the Protective Order as they apply to

me.  By acknowledging these obligations under the Protective Order, I understand that I am

submitting myself to the jurisdiction of the United States District Court for the Southern District

of New York for the purpose of any issue or dispute arising hereunder and that my intentional

violation of any term of the Protective Order could subject me to punishment for contempt of

Court.


_____
Date

_____
Signature


_____
Printed Name

Cases\4815-3739-5921.v1-11/9/20