UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | x | |
| CONSTRUCTION LABORERS PENSION TRUST FOR SOUTHERN CALIFORNIA, GENE SAMIT and JOHN LANTZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CBS CORPORATION and LESLIE MOONVES,<br><br>Defendants. | : : : : : : : : : : : : : : : : : x | Civil Action No. 1:18-cv-07796-VEC **(Consolidated)**<br><br>CLASS ACTION<br><br>**DECLARATION OF ROBERT O. GLAZA** |

4882-9092-7397.v2

I, Robert O. Glaza, declare as follows:

1.      I am the Administrator for the Construction Laborers Pension Trust for Southern California (the "Fund"), the Court-appointed Lead Plaintiff in the above-captioned securities class action (the "Action").[1]  My duties include the joint responsibility, pursuant to the directions of the Board of Trustees, of control, management, operation and administration of the Fund.  I have regularly attended the Fund's Board of Trustees meetings as part of the administrative team since 1988.

2.      The Fund is a Southern California-based multi-employer pension fund that provides retirement benefits for approximately 34,000 participants and beneficiaries in the construction industry and oversees approximately $3 billion of retirement assets.  The Fund, which has been in existence since June 1, 1962, is governed by a jointly-managed Board of Trustees.  I submit this Declaration in support of Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses.  I have personal knowledge of the matters related to the Fund's application, and of the other matters set forth in this Declaration, as I, or others working under my direction, have been directly involved in monitoring and overseeing the prosecution of the Action on the Fund's and the Settlement Class's behalf, and I could and would testify competently thereto.

## I.      WORK PERFORMED BY THE FUND ON BEHALF OF THE SETTLEMENT CLASS

3.      The Fund understands that the Private Securities Litigation Reform Act of 1995 ("PSLRA") was intended to encourage institutional investors to manage and direct securities class

---

[1]      Unless otherwise indicated herein, capitalized terms have those meanings contained in the Stipulation and Agreement of Settlement, dated April 15, 2022.

- 1 -

actions.  The Fund is an institutional investor which committed itself to prosecuting this litigation, through trial and appeal if necessary.  In seeking appointment as a Lead Plaintiff and Class Representative in this Action, the Fund understood its fiduciary duties to serve in the interests of the class by participating in the management and prosecution of the Action.

4.      During the over three-and-a-half years since it was first appointed as Lead Plaintiff, the Fund has, among other things: (a) conferred with Lead Counsel (Robbins Geller Rudman & Dowd LLP) and Fund Counsel (Cox, Castle & Nicholson LLP and Reich Adell & Cvitan) on the overall strategy for prosecuting the Action; (b) reviewed significant pleadings and motion papers filed in the Action; (c) met with Lead Counsel and reviewed periodic reports from Lead Counsel concerning the progress of the Action; (d) collected documents for discovery, responded to interrogatories, and provided deposition testimony; and (e) communicated with Lead Counsel and Fund Counsel regarding settlement negotiations and documentation.

5.      I was the primary point of contact between the Fund and Lead Counsel.  I monitored the litigation, communicated with counsel on major developments in the case, including Lead Counsel's negotiation and approval of the Settlement, was deposed as the representative for the Fund, and met with counsel and participated in telephonic conferences with attorneys from Robbins Geller during the course of the litigation.

## II.    THE FUND ENDORSES THE COURT'S APPROVAL OF THE SETTLEMENT

6.      After seriously considering the grounds for the settlement, as well as the risks and uncertainties associated with continued litigation, including the trial and appeal (if Lead Plaintiff prevailed), the Fund's Board of Trustees authorized Lead Counsel to settle this Action for $14,750,000.  Based on its involvement during the prosecution and resolution of the Action, the Fund believes that the Settlement represents a recovery that would not have been possible without

4882-9092-7397.v2

the diligent efforts of Lead Counsel.  In agreeing to the Settlement, the Fund considered the real possibility that its remaining claims may not ultimately succeed, or that a jury could significantly limit the Settlement Class's damages.  We also understood that even if Lead Plaintiff prevailed at trial, the Defendants would likely appeal that decision and that the appeal process would, at a minimum, substantially delay any recovery by the Settlement Class.  Weighing these risks against the immediacy and amount of the recovery, the Fund believes that the $14,750,000 Settlement represents a fair, reasonable and adequate recovery for the Settlement Class under the circumstances, and that its approval is in the best interest of each Settlement Class Member.

**III.    THE FUND SUPPORTS LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

7.      Recognizing that any determination of fees and expenses is ultimately left to the Court, the Fund endorses Lead Counsel's request for a 25% attorneys' fee award plus expenses incurred by Lead Counsel in litigating this case.  The Fund believes that Lead Counsel's request is fair and reasonable in light of the extensive, high-quality work they performed on behalf of Lead Plaintiff and the Settlement Class.

8.      The Fund has evaluated Lead Counsel's fee request by considering, among other things: the amount and quality of work performed; the recovery obtained for the Settlement Class, which would not have been possible without the tremendous efforts of Lead Counsel; the complexities, obstacles, and novel legal arguments that counsel faced and overcame; and the customary fees in similar cases.  The Fund further believes that the Litigation Expenses requested by Lead Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of this complex securities action.  Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Settlement Class, the Fund supports Lead Counsel's motion for attorneys' fees and litigation expenses.

- 3 -

4882-9092-7397.v2

9.      In addition, the Fund requests that the Court award it reasonable costs and expenses incurred while serving as a representative on behalf of the Settlement Class.  I, as the Fund's Administrator, spent 15 hours in discussing litigation strategy, case developments, and settlement negotiations with Lead Counsel and Fund Counsel, collecting materials for discovery, and preparing and sitting for deposition.  Based on my overall level of compensation, I believe an hourly rate of $150 for this time is reasonable and appropriate.  The Fund also requests reimbursement for its Fund Counsel's fees incurred in connection with the Action in the amount of $20,005.46.  Fund Counsel advised the Fund on its application to be appointed and duties as Lead Plaintiff; assisted in compiling and producing requested records for production, interrogatory responses and reviewing pleadings in the case; assisted Lead Counsel in preparing me for deposition; and advised the Fund on settlement negotiations.  Accordingly, the Fund respectfully requests reimbursement in the amount of $22,255.46 for expenses incurred in its service as a Class Representative.

## IV.    CONCLUSION

10.     The Fund was closely involved in the prosecution and settlement of the claims in this Action, and based on its experience representing the Settlement Class, respectfully requests that the Court grant final approval of the Settlement, Lead Counsel's attorneys' fee and expense application,

4882-9092-7397.v2

and its application for an award of $22,255.46, in consideration of the time and expenses the Fund incurred in representing the Settlement Class in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I have the authority to execute this Declaration on behalf of the Fund.  Executed this sixth day of August, 2022 at Hesperia, California.

ROBERT O. GLAZA
ADMINISTRATOR

- 5 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 19, 2022, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the email addresses on the attached Electronic Mail Notice List,

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service

to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ VINCENT M. SERRA
VINCENT M. SERRA

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  vserra@rgrdlaw.com

# Mailing Information for a Case 1:18-cv-07796-VEC Samit v. CBS Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Laura Andracchio**
  LAndracchio@rgrdlaw.com

- **Mary Katherine Blasy**
  mblasy@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **David W. Brown**
  dbrown@paulweiss.com,Mao_fednational@paulweiss.com

- **Spencer A. Burkholz**
  spenceb@rgrdlaw.com,e_file_sd@rgrdlaw.com,kjohnson@rgrdlaw.com,scaesar@rgrdlaw.com

- **Steven M. Cady**
  scady@wc.com

- **Alexander Leonard Cheney**
  acheney@willkie.com,maosdny@willkie.com

- **Todd G. Cosenza**
  tcosenza@willkie.com,maosdny@willkie.com

- **Scott A Edelman**
  sedelman@gibsondunn.com

- **Zeh Sheena Ekono**
  maosdny@willkie.com,zekono@willkie.com

- **Brad D. Feldman**
  bfeldman@paulweiss.com,mao_fednational@paulweiss.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Richard Francis Hans , Jr**
  Richard.Hans@dlapiper.com,ivy.hamlin@dlapiper.com,DocketingNewYork@dlapiper.com,new-york-docketing-7871@ecf.pacerpro.com,richard-hans-7005@ecf.pacerpro.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Daniel Jonathan Kramer**
  dkramer@paulweiss.com,bmcginty@paulweiss.com,mao_fednational@paulweiss.com

- **Laurie L. Largent**
  llargent@rgrdlaw.com

- **Andrew J. Levander**
  andrew.levander@dechert.com,christopher.ruhland@dechert.com,nycmanagingclerks@dechert.com,AutoDocket@dechert.com,9833472420@filings.docketbird.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Angela Liu**
  angela.liu@dechert.com

- **Jessica Ann Masella**
  Jessica.Masella@dlapiper.com,jessica-masella-8419@ecf.pacerpro.com

- **Margaret Mortimer**
  margaret.mortimer@dechert.com

- **Rahul Mukhi**
  rmukhi@cgsh.com,maofiling@cgsh.com

- **Tariq Mundiya**
  maosdny@willkie.com,tmundiya@willkie.com

- **Sharon L. Nelles**
  NELLESS@SULLCROM.COM,s&cmanagingclerk@sullcrom.com,sharon-nelles-8045@ecf.pacerpro.com

- **New York Office of the Attorney General**
  shamiso.maswoswe@ag.ny.gov

- **Beth Deborah Newton**
  newtonb@sullcrom.com,s&cmanagingclerk@sullcrom.com,beth-newton-9897@ecf.pacerpro.com

- **Jonathan Bradley Pitt**
  jpitt@wc.com,jonathan-pitt-1187@ecf.pacerpro.com

- **Andrew R. Podolin**
  APodolin@perkinscoie.com,RKOManagingClerk@rkollp.com

- **Matthew McPherson Balf Riccardi**
  MRiccardi@perkinscoie.com,MAplogan@perkinscoie.com,michellerose@perkinscoie.com,docketnyc@perkinscoie.com,nvargas@perkinscoie.com

- **Lee S Richards , III**
  LeeRichards@perkinscoie.com,michellerose@perkinscoie.com,nvargas@perkinscoie.com

- **Katharine Rodgers**
  rodgersk@sullcrom.com,katherine-rodgers-0146@ecf.pacerpro.com,s&cmanagingclerk@sullcrom.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,mblasy@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Vincent Michael Serra**
  vserra@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Audra Jan Soloway**
  asoloway@paulweiss.com,mao_fednational@paulweiss.com

- **Ellen Anne Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Brendan V.. Sullivan , Jr**
  bsullivan@wc.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

John Lantz
,