USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/07/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
CONSTRUCTION LABORERS PENSION          :
TRUST FOR SOUTHERN CALIFORNIA,         :
GENE SAMIT and JOHN LANTZ, individually :
and on behalf of all others similarly situated, :        18-CV-7796 (VEC)
                                        :
                        Plaintiffs,     :        FINAL JUDGMENT AND
                                        :        ORDER OF DISMISSAL
            -against-                    :        WITH PREJUDICE
                                        :
CBS CORPORATION and LESLIE MOONVES,    :
                                        :
                        Defendants.     :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

This matter came before the Court pursuant to the Order Preliminarily Approving

Settlement and Providing for Notice ("Notice Order") dated May 13, 2022, on the application of

the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement

dated April 15, 2022 (the "Stipulation").  Due and adequate notice having been given to the

Settlement Class as required in said Notice Order, and the Court having considered all papers filed

and proceedings had herein and otherwise being fully informed of the premises and good cause

appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all

capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless

otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties

to this Action, including all Settlement Class Members.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Order Preliminarily Approving Settlement and Providing for Notice and finally certifies, for purposes of the Settlement only, a Settlement Class defined as:  all Persons who purchased or otherwise acquired CBS common stock from November 29, 2017 through July 27, 2018, inclusive (the "Settlement Class Period").  Excluded from the Settlement Class are:  (a) Defendants; (b) the Former Defendants; (c) any person who served as an officer or director of CBS during the Settlement Class Period; (d) the Immediate Family Members of Moonves, the Former Defendants, and the excluded officers and directors; (e) any firm, trust, corporation, or other entity in which any excluded person or entity has, or had during the Settlement Class Period, a controlling interest; (f) the legal representatives, parents, subsidiaries, agents, affiliates, heirs, successors-in-interest, predecessors, or assigns of any such excluded person or entity, in their capacities as such; and (g) any Person who would otherwise be a Settlement Class Member but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit D to the Declaration of Ross D. Murray (ECF 199) and Exhibit A to the Supplemental Declaration of Ross D. Murray (ECF 214). Notwithstanding the foregoing, any CBS employee retirement, savings, or benefit plan shall not be deemed an affiliate of any Defendant or Former Defendant, except that any Claim submitted on behalf of any CBS employee retirement, savings, or benefit plan shall be pro-rated to exclude the proportion owned by Defendants or Former Defendants and other specifically excluded persons or entities.

4.      The Court finds that for purposes of the Settlement only: (a) Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class which

predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)     said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)     there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d)     the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

6.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses this Action and all claims asserted therein with

prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

7.     Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff, each and every Releasing Plaintiff Party, and each of the Settlement Class Members (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every Defendant and any and all of the other Released Defendant Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly or indirectly, the Released Plaintiff's Claims against each and every Defendant and any and all of the other Released Defendant Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Released Defendant Parties, in respect of any Released Plaintiff's Claim.  Claims to enforce the terms of the Stipulation are not released.

8.     Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties, Defendants and each and every Released Defendant Party (a) shall be deemed to have, and by operation of law and of judgment shall have, fully, finally, and forever comprised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Defendants' Claims against Lead Plaintiff, each and every Settlement Class Member, and any and all of the other Releasing Plaintiff Parties; (b) shall forever be barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute, or asserting, either directly

4

or indirectly, the Released Defendants' Claims against Lead Plaintiff, each and every Settlement Class Member, and any and all of the other Releasing Plaintiff Parties; and (c) shall forever be barred and enjoined from instituting, continuing, maintaining, or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim, or demand against any Person who may claim any form of contribution or indemnity from any of the Released Plaintiff Parties in respect of any Released Defendants' Claim.  Claims to enforce the terms of the Stipulation are not released.

9.      The Notice of Pendency and Proposed Settlement of Class Action provided to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

10.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any Fee and Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)     shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties of the truth of any allegations by Lead Plaintiff or any Settlement Class Member or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including, but not limited to, litigation of the Released Plaintiff's Claims, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Released Defendant Parties;

(b)     shall be offered or received against any of the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants Parties of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against any Releasing Plaintiff Party as evidence of any infirmity in the claims of Lead Plaintiff or the other Settlement Class Members;

(c)     shall be offered or received against any of the Releasing Plaintiff Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission that any of Lead Plaintiff's or the Settlement Class's claims are without merit, that any

6

of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount;

(d)     shall be offered or received against any of the Released Defendant Parties or Releasing Plaintiff Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission with respect to liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Defendant Parties or Releasing Plaintiff Parties in any arbitration proceeding or other civil, criminal, or administrative action or proceeding; and/or

(e)     shall be construed against any of the Released Defendant Parties or Releasing Plaintiff Parties as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial in the Action or in any proceeding;

(f)     provided, however, that, notwithstanding the foregoing, the Settling Parties and the other Released Defendant Parties and Releasing Plaintiff Parties may file or refer to the Stipulation to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the terms of this Settlement, *inter alia*, entering orders providing for any Fee and Expense Award, the approval of the Plan of Allocation and enforcing the terms of the Settlement; (b) disposition of the Settlement Fund; and (c) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

13.     The Court finds that during the course of this Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to CBS, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in this Action as of January 10, 2022, as provided in the Stipulation.

15.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

Date:   **November 7, 2022**                                            **VALERIE CAPRONI**
        **New York, New York**                                         **United States District Judge**

8