USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/07/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
CONSTRUCTION LABORERS PENSION
TRUST FOR SOUTHERN CALIFORNIA,
GENE SAMIT and JOHN LANTZ, individually
and on behalf of all others similarly situated,

                      Plaintiffs,

        -against-

CBS CORPORATION and LESLIE MOONVES,

                      Defendants.
-------------------------------------------------------------- X

18-CV-7796 (VEC)

ORDER AWARDING
ATTORNEYS' FEES AND
EXPENSES AND AN
AWARD TO LEAD
PLAINTIFF PURSUANT
TO 15 U.S.C. §78u-4(a)(4)

VALERIE CAPRONI, United States District Judge:

      This matter having come before the Court on November 3, 2022, on the motion of Lead Counsel for an award of attorneys' fees and expenses and an award to Lead Plaintiff (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

      1.    This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated April 15, 2022 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

      2.    This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Settlement Class who have not timely and validly requested exclusion.

1

3. Notice of Lead Counsel's Fee Motion was given to all Settlement Class Members who could be located with reasonable effort. The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel $3,665,337.73 in attorneys' fees and $354,821.57 in expenses, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. For the reasons stated at the November 3, 2022 hearing, the Court does not award The Rosen Law Firm, P.A. $102.42 in expenses for online legal and document retrieval fees, and does not award attorneys' fees or expenses to Johnson Fistel, LLP, which has not appeared as counsel to any Plaintiff in this case or the related action *Lantz v. CBS Corp. et al.*, No. 18-CV-8978 (VEC) (S.D.N.Y. filed Oct. 1, 2018). The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Final Judgment and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, ¶7.2 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $14,750,000 in cash that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b) at least 170,310 copies of the Notice were disseminated to potential Settlement Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $500,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Settlement Class Members;

(c) Lead Counsel pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

(e) Lead Counsel pursued the Action entirely on a contingent basis;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Defendants;

(h) Lead Plaintiff's Counsel represented that they have devoted over 5,000 hours, with a lodestar value of $4,618,837.50, to achieve the Settlement;

(i) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j) the attorneys' fees and expenses awarded are fair and reasonable.

7. Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $2,250 to Lead Plaintiff Construction Laborers Pension Trust for Southern California for the time its Administrator Robert Glaza spent representing the Settlement Class. For the reasons stated at the November 3, 2022 hearing, the Court declines to award $20,005.46 in legal fees for its outside counsel.

8. Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

Date: November 7, 2022
New York, New York

_____
VALERIE CAPRONI
United States District Judge